UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CARLOS ACOSTA,<br>Petitioner,<br>v.<br>JOSHUA JOHNSON, et al.,<br>Respondents. | Case No. 5:26-cv-05184 ADS<br><br>ORDER GRANTING PETITION |

## I. THE PETITION

Petitioner Roberto Carlos Acosta filed the instant Petition on September 3, 2026. [Dkt. No. 1.] According to the Petition, Petitioner entered the United States in 1994 as a political refugee from Cuba. [Dkt. No. 1 at 2.] Petitioner obtained permanent residency in 1995. [Id.] In 2005, Petitioner alleges he was arrested for drug possession and driving without a license. [Id.] Petitioner alleges he has no other criminal history. [Id.] In 2009, Petitioner was subject to a final order of removal. [Id.] Petitioner was then released under conditions of supervision. [Id.] Petitioner alleges he has a social

security number, works as a truck driver, and pays taxes annually. [Id.] Petitioner alleges he was detained on June 20, 2026 at a check-in with immigration officials. [Id.] Petitioner was informed that he would be removed to a third country. [Id.] Petitioner alleges that he cannot be removed to a third country because he requires expensive medical treatments and fears persecution. [Id.] Petitioner alleges the following grounds for relief: (1) a lack of a significant likelihood of removal under Zadvydas; and (2) a violation of the Fifth Amendment, 8 U.S.C. § 1231, and Convention Against Torture due to his pending removal to a third country. [Id. at 6-16.] Petitioner requests immediate release from custody and injunctions preventing his re-detention until Respondent obtains travel documents and follows applicable statutory and regulatory procedures. [Id. at 16-17.]

## II. PROCEDURAL HISTORY

On September 8, 2026, Respondents received notice of General Order 26-05, requiring Respondents to file an answer within 7 days. [Dkt No. 6.] No responsive pleading was filed. On September 16, 2026, the Court issued an order to show cause requiring a response by no later than September 18, 2026. [Dkt. No. 13.] To date, Respondents have not appeared or otherwise defended the case.

## III. ANALYSIS

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const. amend. V. It is settled law that noncitizens within the United States are entitled to due process "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). As a matter of due process, many, but not all, courts have found that noncitizens released on parole are entitled to a pre-deprivation bond hearing prior to re-

detainment. See Nath v. Chestnut, No. 1:26-CV-01800-DC-CKD (HC), 2026 WL 743356, at *1 (E.D. Cal. Mar. 17, 2026) (collecting cases); see also R.A.N.O. v. Wofford, 820 F. Supp. 3d 1094, 1105 (E.D. Cal. 2026) ("The Court concludes that a pre-deprivation hearing is necessary to satisfy due process"); see also E-M- v. Hermosillo, No. 3:25-CV-1083-SI, 2026 WL 883776, at *6 (D. Or. Mar. 31, 2026) (stating there are "overwhelming authorities holding that after a noncitizen has been released on conditional parole, due process requires notice and a pre-deprivation hearing"); but see Kilroy v. Los Angeles Unified Sch. Dist., No. CV 16-09068-DMG-JDE, 2018 WL 7916367, at *10 (C.D. Cal. Dec. 6, 2018), report and recommendation adopted sub nom., 2019 WL 1429615 (C.D. Cal. Mar. 29, 2019), aff'd, 810 F. App'x 558 (9th Cir. 2020) ("The Supreme Court has emphasized that due process is flexible and has rejected the proposition that due process always requires a pre-deprivation hearing" (citation omitted)).

Under Zadvydas, noncitizens subject to a final order of removal may only be detained for "a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. Following a final order of removal, six months of detainment is considered to be a presumptively reasonable period of detention to effectuate the removal of a noncitizen. Id. at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Petitioner claims that his due process rights have been violated and his detention is unlawful under Zadvydas. Petitioner filed the Petition on September 3, 2026 and has been detained since June 20, 2026. [Dkt. No. 1 at 2.] Petitioner has been subject to a

final order of removal since 2009, but he has not yet been removed from the United States. [Id.] Petitioner alleges he has never been interviewed regarding travel documents and that his removal to Cuba is unlikely to occur in the foreseeable future. [Id. at 9-10.] Respondents have not appeared to defend this case. Therefore, Respondents have not presented any argument to show that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future under Zadvydas. Respondents have also not provided any argument regarding whether Petitioner was entitled to a pre-deprivation notice and a hearing prior to the revocation of his release. Respondents' failure to appear and defend the case is a concession to the Petition and its requested relief. Therefore, the unopposed Petition is granted.[1][2] However, to the extent Petitioner seeks an injunction against future detention without notice and a hearing, the Court does not consider it necessary to provide additional relief addressing a hypothetical possibility that Respondents may re-detain Petitioner. See Meza-Hernandez v. Marin, No. 5:26-CV-00813-MCS-JDE, 2026 WL 1333740, at *1 (C.D. Cal. May 13, 2026) ("[T]he Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after

///

---

[1] In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." United States v. Sineneng-Smith, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." Id. at 375–76 (citation modified).

[2] Because the Court finds Petitioner is entitled to relief, the Court does not reach the other grounds asserted.

Petitioner's release.”).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. The Petition is granted;
2. Petitioner Roberto Carlos Acosta (A# 074-015-956) must be immediately released from immigration detention; and
3. Judgment shall be entered accordingly.

DATED: September 21, 2026

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge